UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

BONITA BUTLER,

    Plaintiff,

V.

BRIAN CLERK, et. al.,

    Defendants.

Civil Action No. 11-43-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\*\*     \*\*\*\*     \*\*\*\*     \*\*\*\*

Plaintiff Bonita Butler is a prisoner incarcerated at the Boyd County Detention Center in Catlettsburg, Kentucky. Butler has filed a *pro se* civil rights action under 42 U.S.C. § 1983. [R. 4] The Court has granted her motion to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b) by prior Order. [R. 7]

The Court conducts a preliminary review of civil rights complaints. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the plaintiff's factual allegations as true and her legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). But the Court must dismiss

a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

In her Complaint, Butler alleges that defendant Brian Clerk, an officer of the Ashland Police Department, alleged that she sold drugs to a confidential informant, defendant Kate Smith, on July 2, 2009, July 10, 2009, and October 20, 2009. [R. 4 at 2-3] Butler alleges that this is false, and that Smith committed perjury by so testifying. Defendant Eblert Church is also an officer of the Ashland Police Department, who also received testimony from Smith regarding Butler's alleged sale of illegal drugs. Butler indicates that she remains incarcerated but has yet to be tried on the charges, and that she has been held without bond since the end of 2009. She further alleges that the charges against her are racially motivated, and that the trial judge is not impartial because the confidential informant works for him. [R. 4 at 2-3]

Ordinarily, this Court possesses subject matter jurisdiction over federal civil rights claims brought pursuant to Section 1983 under both the general federal question statute, 28 U.S.C. § 1331, and the specific jurisdictional grant of 42 U.S.C. § 1343(a)(3). However, under certain exceptional circumstances the Court must abstain from exercising that jurisdiction. In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that a federal court must abstain from deciding a case that would be properly before it but for the pendency of state criminal proceedings in the matter. Where state judicial proceedings are ongoing, involve important state

interests, and provide an adequate opportunity to raise a constitutional challenge, abstention is required. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001). Here, the criminal proceedings against Butler remain ongoing, and she retains the ability to present her allegations before and during trial or on appeal. The Court will not interfere with ongoing criminal proceedings pending in a state court, and abstention is plainly warranted here. *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995).

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's Complaint [R. 5] is **DISMISSED WITHOUT PREJUDICE.**

2. The Court will enter an appropriate judgment.

This the 11th day of July, 2011.



Signed By
Henry R. Wilhoit, Jr.
United States District Judge